THE STATE OF KANSAS V. WILLIAM CALLAHAN.
No. 14,733.  (84 Pac. 1135.)

Appeal from Douglas district court; CHARLES A. SMART, judge.  Opinion filed April 7, 1906.  Dismissed.

C. C. Coleman, attorney-general, Fred S. Jackson, assistant attorney-general, and Thomas Harley, county attorney, for The State.

R. B. McWilliams, and John W. Clark, for appellant.

Per Curiam: The only paper filed in this court is a document certified by the clerk of the court to be a copy of the information, warrant, and bill of exceptions.  As no transcript of the record in the district court is presented this court has no jurisdiction, and the case is dismissed.

---

THE STATE OF KANSAS, ex rel. C. C. Coleman, as Attorney-general, v. THE CITY OF KANSAS CITY.
No. 14,645.  (84 Pac. 1135.)

Original proceeding in quo warranto.  Opinion filed May 12, 1906.  Judgment for plaintiff.

C. C. Coleman, attorney-general, for The State.
E. S. McAnany, and Ralph Nelson, for defendant.

Per Curiam: This is an original proceeding in quo warranto by the state of Kansas, on the relation of C. C. Coleman, attorney-general, to oust the city of Kansas City and its officers from granting license to, or authorizing, persons to engage in selling intoxicating liquors in that city to be used as a beverage. The substantial allegations of the petition are that the officers of Kansas City are exercising and for more than two years have exercised the corporate power of making, entering into and carrying out agreements and contracts with such persons as the officers of the city may choose, by which such persons have been, and are, granted the privilege of selling and keeping for sale within the city, and keeping and maintaining within the city, tippling-houses, and places for selling, and keeping for sale, habitually and as a business, intoxicating beverages to be at said places drunk as beverages.  In consideration of such privileges such persons at stated intervals paid to the city a stipulated fine, which payments are required by the city and paid as a license for the privilege of conducting such business.

The city filed its answer, which upon the hearing was withdrawn, and consented that judgment might be awarded.

It is therefore ordered that judgment be entered as prayed for in the petition.